UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| GEORGE WINTON JACKSON,  )<br>Institutional ID No. 1815674,  )<br>SID No. 4693403,  )<br>Previous TDCJ No. 1166074,  )<br>  )<br>   Plaintiff,  )<br>  )<br>V.  )<br>  )<br>SERGEANT M. MERRIL,  )<br>*et al.*,  )<br>  )<br>   Defendants.  )  | CIVIL ACTION NO.<br>5:15-CV-120-BG<br>ECF |

**REPORT AND RECOMMENDATION**

Plaintiff George Winton-Jackson filed this civil rights action *in forma pauperis* on April 27, 2015, complaining of events that occurred during his incarceration at the John T. Montford Unit (Montford Unit) of the Texas Department of Criminal Justice (TDCJ). He claims that Defendants failed to protect him, retaliated against him, and improperly confiscated his legal documents. He seeks monetary damages as well as injunctive relief.

The United States District Court transferred this case to the undersigned United States Magistrate Judge for further proceedings. The undersigned reviewed authenticated records from the TDCJ and thereafter entered an order requiring Jackson to complete a questionnaire pursuant to *Watson v. Ault*, 525 F.2d 886, 892–93 (5th Cir. 1976). Jackson timely completed and returned the questionnaire (ECF No. 15). Jackson has not consented to proceed before the undersigned magistrate judge. Pursuant to the order of transfer, the undersigned enters this report and recommendation and recommends that this action be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

I. **Standard of Review**

A court must dismiss a complaint filed *in forma pauperis* if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) (2015); *see also* § 1915A(b) (applying to any suit by a prisoner against certain governmental entities, regardless of whether the prisoner is proceeding *in forma pauperis*). A frivolous complaint lacks any arguable basis, either in fact or in law, for the wrong alleged. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacking an arguable basis in fact rests upon clearly baseless factual contentions, while a complaint lacking an arguable basis in law rests upon indisputably meritless legal theories. *See id.* at 327; *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). In reaching a frivolous determination, the court may consider reliable evidence such as the plaintiff's allegations, answers obtained through a questionnaire, and authenticated prison records. *See Wilson v. Barrientos*, 926 F.2d 480, 483–84 (5th Cir. 1991).

II. **Discussion**

    A. **Failure to Protect**

Under the Eighth Amendment, prison officials have a duty to protect inmates from violence perpetrated by other inmates. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *Horton v. Cockrell*, 70 F.3d 397, 400–02 (5th Cir. 1995). To prevail on a failure to protect claim, a prisoner must show that "he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999) (quoting *Newton v. Black*, 133 F.3d 301, 308 (5th Cir. 1998)). "In order to act with deliberate indifference, 'the official must both be aware of facts from which the

inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995) (quoting *Farmer*, 511 U.S. at 837).

In this case, Jackson complains that he was housed with two different inmates on two separate occasions who caused him physical and other harm. Jackson claims the first incident occurred on July 31, 2014, when he requested that Montford Unit officers remove him from a cell with inmate Oscar Mendoza because Mendoza had made sexual advances toward him. The authenticated records show that Montford Unit officers did move Jackson from a cell with Mendoza on the morning of July 31, 2014, because he had threatened to hurt Mendoza; Warden Stevens and other staff were notified of the situation. In a report dated August 12, 2014, Jackson stated to the investigating officer that he did not fear Mendoza and that the situation had been resolved since transferring cells. In his Complaint, Jackson alleges that despite being removed from a cell with Mendoza, he was rehoused with him on August 21, 2014, at which time Mendoza wiped bodily fluids on him while he was asleep. Jackson claims that as a result of this incident, he believes he has contracted human immunodeficiency virus (HIV).

Based on the authenticated records, Jackson requested to be moved; officers responded by moving him; and he then reported to officers that he did not fear Mendoza. The records also show that officers removed Jackson from the cell with Mendoza because Jackson had threatened to harm Mendoza. Moreover, the records do not show that Jackson reported to Montford Unit officials that he was sexually assaulted by Mendoza on August 21, 2014.[1] Instead, the records show that Mendoza

---

[1] The Office of the Inspector General certified through an affidavit included in the authenticated records from TDCJ that it did not have any records pertaining to a possible sexual assault that may have occurred during the time Jackson alleges Mendoza assaulted him.

3

complained on August 21, 2014, that Jackson sexually assaulted him at approximately four in the morning.

Similarly, the authenticated medical records do not show that Jackson sought medical treatment for the alleged assault or that he reported to medical staff that he believed he had contracted HIV as a result of the incident. An inmate cannot recover damages without a showing of physical injury. *See* 42 U.S.C. § 1997e(e); *Jones*, 188 F.3d at 326 (holding that without an allegation of physical injury, inmate's Eighth Amendment failure to protect claim was barred). Moreover, a *de minimis* injury does not support a claim under § 1983. *See* 42 U.S.C. § 1997e(e); *Jones*, 188 F.3d at 326. In sum, the authenticated records do not show that the Defendants disregarded a substantial risk of serious harm to Jackson.

Jackson claims that the second incident occurred on August 2, 2014, when he was housed with inmate Leonard Williams. He claims that Williams harmed him by possessing and reading grievances Jackson had completed, which had his personal information on them. Jackson claims that he filed a life-in-danger complaint regarding being housed with Williams on the same day. He claims that he was moved from a cell with Williams but then rehoused with Williams on August 15, 2014. However, Jackson does not allege that Williams caused him any physical harm nor does he allege how Williams's alleged possession of his personal information harmed him. As stated above, without an allegation of physical injury, a prisoner's claim for failure to protect is barred. *Jones*, 188 F.3d at 326.

Based on the foregoing reasons, Jackson has failed to state an Eighth Amendment claim for failure to protect. Accordingly, his failure to protect claims should be dismissed.

### B.     Deprivation of Property

Jackson alleges that officers at the Montford Unit improperly confiscated one of his legal documents as well as other personal property including a lock and key and key chains. He claims that when he was transferred from the Sanchez Unit to the Montford Unit, a property officer confiscated the property but he is not aware of who actually confiscated the items.

A state actor's negligence that results in an unintentional loss of property does not amount to a constitutional claim. *See Simmons v. Poppell*, 837 F.2d 1243, 1244 (5th Cir. 1988). Nor does an intentional deprivation of personal property amount to a constitutional claim, as long as the prisoner has an adequate state post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). The State of Texas has an adequate post-deprivation remedy—the filing of a lawsuit for conversion in state court. *See Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994). Moreover, in response to his grievance regarding the deprivation of personal property, Montford Unit officers responded that he had "received psych level appropriate property" and he would receive additional property once he was "promoted in psych levels." Such a decision is within the sound discretion of prison administration. *See Bell v. Wolfish*, 441 U.S. 520, 547–48 (1979) (holding that prison officials should be accorded broad deference in adopting and executing policies intended to preserve internal order and maintain security). In sum, Jackson has not stated a claim for deprivation of property based on the facts alleged, and his claim should be dismissed.

### C.     Access to Courts

To the extent Jackson is alleging that the confiscation of his legal document resulted in a denial of access to the courts, his claim should also be dismissed. A prisoner has the right to "adequate, effective, and meaningful" access to the courts. *Bounds v. Smith*, 430 U.S. 817, 822

5

(1977); *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997). However, a prisoner's right to access the courts "encompasses only 'a reasonably adequate opportunity to file non frivolous legal claims challenging their convictions or conditions of confinement." *Johnson*, 110 F.3d at 310–11 (quoting *Lewis v. Casey*, 518 U.S. 343, 350 (1996)). Here, Jackson claims that Montford Unit officials confiscated a legal document that would have helped him file a habeas corpus action.[2] He has failed to show, however, how the alleged confiscation of his legal document "actually prejudiced his ability to pursue a legal claim." *Lann v. Cockrell*, 173 Fed. App'x 319, 320 (5th Cir. 2006); *Sun v. U.S.*, 1995 WL 103351, 49 F.3d 728, at *6 (5th Cir. 1995) (holding that the deprivation of legal materials does not amount to a constitutional violation where the prisoner does not suffer any prejudice as a result of the deprivation). He did not explain why the document—which he has not identified other than by calling it a "legal document"—was necessary to file a habeas action. *Tapp v. Wilkerson*, 298 Fed. App'x 308, 309 (5th Cir. 2008). Moreover, Jackson filed a petition for writ of habeas corpus on December 1, 2014. *See Jackson v. Stevens, et al.*, No. 5:14-CV-189-C. Thus, the alleged confiscation of a legal document did not prevent him from filing a habeas action. *See Littleton v. Grimes*, 286 Fed. App'x 887, 887–88 (5th Cir. 2008) (holding that prisoner's access to courts claim was properly denied because he was able to pursue his appeal despite confiscation of legal materials).

---

[2] Although unclear, Jackson also seems to allege that Montford Unit officers acted improperly by merely opening his sealed legal mail. Such claim is without merit. *Brewer v. Wilkinson*, 3 F.3d 816, 825 (5th Cir. 1993) (holding that the opening and inspection of legal mail is not a violation of a prisoner's constitutional rights where there is no proof the opening was prejudicial to the prisoner's access to courts).

### D.     Retaliation

Jackson claims that the Defendants retaliated against him after they discovered he had filed a civil lawsuit when they searched his legal mail. "To state a valid claim for retaliation under section 1983, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Jones*, 188 F.3d at 324–25. Where the prisoner is unable to establish a specific constitutional violation, there can be no claim for retaliation. *Id.* at 325. A prisoner "must allege more than his personal belief that he is the victim of retaliation." *Id.* Rather, he must establish evidence of motivation or "allege a chronology of events from which retaliation may plausibly be inferred." *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995) (quoting *Cain v. Lane*, 857 F.2d 1139, 1143 n.6 (7th Cir. 1998)). A prisoner has a significant burden to establish a retaliation claim. *Id.*

Here, Jackson has failed to meet this heavy burden. In his responses to the questionnaire, he offers only his conclusory opinion that the Defendants retaliated against him by placing him in a cell with Mendoza on July 20 or 21, 2014. But it was not until July 31, 2014, that Jackson reported feeling threatened by Mendoza. He did not state any allegations to show that Defendants placed him in a cell with Mendoza because they discovered he had filed a civil lawsuit. Accordingly, Jackson's allegations of retaliation are insufficient to establish a constitutional claim.

### E.     Grievances

Jackson alleges in his Complaint that the Defendants refused to hear and address his grievances. An allegation that a prison official failed to respond to a prisoner's grievance does not rise to the level of a constitutional claim. *See Geiger v. Jowers*, 404 F.3d 371, 373–74 (5th Cir.

2005) (holding that a prisoner does not have a protected liberty interest in having his grievances "resolved to his satisfaction"); *Piper v. Alford*, No. 3:02-CV-2640-P, 2003 WL 21350215, at *2 (N.D. Tex. June 4, 2003) (holding that an inmate "does not have a constitutional entitlement to an adequate grievance procedure). Jackson's claim that the Defendants failed to answer his grievances should therefore be dismissed as frivolous.

**III.   Recommendation**

For the foregoing reasons, the undersigned recommends that the United States District Court dismiss Jackson's Complaint and all claims therein with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

**IV.   Right to Object**

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2015); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated:   October 16, 2015.

_____
NANCY M. KOENIG
United States Magistrate Judge

9